UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT SONNICK,

                         Plaintiff,

v.                                                                          5:20-CV-0410
                                                                            (TJM/ML)
CHRISTOPHER G. BUDLONG, NYS Trooper,
in his official capacity; OFFICER MACORMICK,
OPD, in his official capacity; NELSON T. DODGE,
Judge Verona, in his individual and official
capacities; NEW YORK STATE POLICE, TROOP D;
TROOPER HORTON; CITY OF ONEIDA; and
ONONDAGA COUNTY,

                         Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

VINCENT SONNICK
  Plaintiff, *Pro Se*
205 North Street, #B
Oneida, New York 13421

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

       The Clerk has sent this *pro se* complaint together with an application to proceed *in forma*

*pauperis* filed by Vincent Sonnick ("Plaintiff") to the Court for review.  (Dkt. Nos. 1 and 2.)  For

the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and

recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety, in part with leave

to amend, and in part without leave to amend.

## I.      BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that his civil rights were

violated by Defendants Christopher G. Budlong, Officer Macormick, Nelson T. Dodge, the New

York State Police Troop D, Trooper Horton,[2] Onondaga County,[3] and the City of Oneida[4]

(collectively "Defendants").  (*See generally* Dkt. No. 1.)  More specifically, Plaintiff alleges that

at some point in time, Defendant Budlong "held" him at New York State Police Troop D

---

[1]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]      The Clerk of the Court is directed to amend the docket sheet to add "Trooper Horton" as a defendant in this matter, as alleged in Plaintiff's Complaint.  (Dkt. No. 1 at 1.)

[3]      The Clerk of the Court is directed to amend the docket sheet to add "Onondaga County" as a defendant in this matter, as alleged in Plaintiff's Complaint.  (Dkt. No. 1 at 1.)  Although the Complaint states it is against the "Onondaga Sher[]iff," (*id.*) "[u]nder New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence.  Therefore, municipal departments like the Department of Social Services are not amenable to suit and no claims lie directly against the Department." *Hoisington v. Co. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted).  As a result, the Court exercises its authority to *sua sponte* substitute Onondaga County in place of the Onondaga County Sheriff. *See, e.g., Gonzalvo v. State of N.Y.*, 11-CV-0909, 2013 WL 4008881, at *2 (N.D.N.Y. Aug. 2, 2013) (Mordue, J., *adopting report and recommendation by* Peebles, M.J.) (approving the *sua sponte* substitution of the State of New York as a defendant; *Zuk v. Gonzalez*, 07-CV-0732, 2007 WL 2163186, at *2 (N.D.N.Y. July 26, 2007) (Scullin, J.) ("[T]o the extent that Plaintiff has named the individual Defendants in their official capacities, he has in essence named Onondaga County . . . as a Defendant. Construing Plaintiff's complaint liberally in light of his *pro se* status, and in the interest of judicial economy, the Court will *sua sponte* substitute Onondaga County as the sole Defendant in place of the individually named defendants." (citations omitted)); *Dockery v. Tucker*, 97-CV-3584, 2006 WL 5893295, at *7 (E.D.N.Y. Sept. 6, 2006) (adding the United States as a defendant, *sua sponte*, in a Federal Tort Claims Act claim brought by a *pro se* plaintiff; *Ciancio v. Gorski*, 98-CV-0714, 1999 WL 222603, at *1 (W.D.N.Y. Apr. 14, 1999) (substituting, *sua sponte* and "in the interest of eliminating undue complication without affecting the substantial rights of the parties," the County of Erie as a defendant where it was unclear that the plaintiff could sue an individual in his official capacity under Title VII but well established that the county was a proper defendant).

[4]      The Clerk of the Court is directed to amend the docket sheet to add the "City of Oneida" as a defendant in this matter, as alleged in Plaintiff's Complaint.  (Dkt. No. 1 at 1.)

headquarters for two-and-one-half hours, during which time Plaintiff was not read his rights or permitted to make a phone call.  (*Id.*)  Plaintiff alleges that he was charged with disorderly conduct for events that took place on his own property.  (*Id.*).

In addition, Plaintiff alleges that from December 18, 2013, until the present time, he has been "gang stalked" by the Onondaga County Sheriff's Department.  (*Id.*)

Plaintiff alleges that at some point in time, he was brought to jail for a two-week period, during which he was not read his charges for three days, then he was moved to another unit of the Oneida County Justice Center, where he was held for another three days before being brought before a judge.  (*Id.*)  Plaintiff alleges that he was "extorted and harassed and stalked by NYS Troopers, ordered to pay after they basically kidnapped [him]."  (*Id.*)

Plaintiff alleges that at some point in time, he sought, and was denied services at Madison County Social Services.  (*Id.*)  Plaintiff alleges that he has severe anxiety "due to this event" and "[t]he named above have conspired to . . . use . . . technology against [his] body."  (*Id.*)

Plaintiff appears to assert the following eight causes of action: (1) violation of his freedom of speech pursuant to the First Amendment and 42 U.S.C. § 1983; (2) false arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983; (3) violations pursuant to the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968; (4) stalking pursuant to New York common law; (5) harassment pursuant to New York common law; (6) trespassing pursuant to New York common law; (7) defamation pursuant to New York common law; and (8) negligence pursuant to New York common law.  (*Id.*)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[5]  After reviewing Plaintiff's *in*

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[6]

## III.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter*

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis

---

[5]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[6]     Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim).  "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.    Eleventh Amendment Immunity

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978).  This absolute immunity which states enjoy under the Eleventh Amendment also extends to state agencies. *Richards v. State of New York Appellate Division, Second Dep't,* 597 F. Supp. 689, 691 (E.D.N.Y.1984) (citing *Pugh*, 438 U.S. at 782; *Cory v. White,* 457 U.S. 85, 89-91 (1982)).  As a result, I recommend dismissal of all claims brought by Plaintiff against the New York State Police based on the doctrine of absolute immunity pursuant to the Eleventh Amendment.

6

Moreover, "'claims against a government employee in his official capacity are treated as a claim against the municipality,' and, thus, cannot stand under the Eleventh Amendment." *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.) (quoting *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (McCurn, J.)), *report and recommendation adopted*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Here, Plaintiff's claims against Defendants Budlong and Macormick, are solely in their official capacities (Dkt. No. 1 at 2-3), and thus, should be dismissed because these claims are, in reality, damage claims against the governmental entities, which are immune from suit. *See Jackson*, 2016 WL 4004612, at *2 (dismissing claims against officers of the Syracuse Police Department in their official capacity based on Eleventh Amendment immunity). In addition, Plaintiff's claims against Defendant Dodge in his official capacity must also be dismissed for the same reason.

### B.    Absolute Judicial Immunity

Plaintiff's Complaint appears to assert claims against Nelson T. Dodge in his individual and official capacities, for actions he allegedly took in his position as judge of the Town of Verona. It is well settled that "officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages. Although

unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."); *Mahapatra v. Comstock*, 97-CV-7129, 1998 WL 88054, at *1 (2d Cir. Feb. 26, 1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity.  Judges are shielded from liability for civil damages for judicial acts performed in their judicial capacities."); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").  This immunity applies to state court judges who are sued in federal court.  *Pizzolato v. Baer*, 551 F. Supp. 355, 356 (S.D.N.Y. 1982), *aff'd sub nom. Pizzolato v. City of New York*, 742 F.2d 1430 (2d Cir. 1983).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

Plaintiff's allegations regarding Defendant Nelson T. Dodge appear to relate to actions Defendant Dodge took as Judge of Verona, perhaps while presiding over Plaintiff's criminal proceedings.  (*See generally* Dkt. No. 1.)  The Complaint is devoid of facts plausibly suggesting that Defendant Dodge took any action as an individual, and therefore also fails to allege that he acted in the clear absence of all jurisdiction.  As a result, I recommend that the claims against Defendant Dodge be dismissed in their entirety based on the doctrine of absolute judicial immunity.

### C.      Claims Pursuant to 42 U.S.C. § 1983

#### 1.      Municipal Liability

In order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690-91); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer. Second, the plaintiff must establish a causal connection–an 'affirmative link'–between the policy and the deprivation of his constitutional rights.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985)). Indeed, municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right; it "may not be held liable on a theory of respondeat superior." *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000).

An "official policy or custom" can be shown in several ways: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (Kahn, J.) (internal citations omitted).

Upon review, Plaintiff fails to identify or allege any facts showing the existence of an official policy or custom of the City of Oneida or Onondaga County that resulted in the deprivation of his constitutional rights. The Complaint fails to mention the City of Oneida or any of its employees except to list the City of Oneida (and Defendant Macormick) in the caption of the Complaint. (*See generally* Dkt. No. 1.) The listing of the City of Oneida in the caption falls far short of alleging municipal liability, "without supporting factual allegations of, among other things, a policy or custom pursuant to which the alleged action was undertaken, [Plaintiff] fails to state a claim against those municipalities that is plausible on its face." *Gray-Davis v. New York*, 14-CV-1490, 2015 WL 2120518, at *6 (N.D.N.Y. May 5, 2015) (Suddaby, J.); *see Hawthorne v. City of Albany*, 17-CV-0716, 2017 WL 6520774, at *5 (Suddaby, C.J.) (N.D.N.Y. Nov. 14, 2017) (same); *see also Hall v. Smith*, 170 F. App'x 105, 108 (11th Cir. 2006) (affirming dismissal of § 1983 claim against a municipality where plaintiff alleged no factual support for his conclusory statement that the municipality had a policy or custom of grossly inadequate supervision and training of its employees).

With respect to the Onondaga County, the Complaint alleges, "Dec. 18[,] 2013-2020 Gang stalked by Onondaga Co. Sher[]iff Dept to present date." (Dkt. No. 1 at 4.)[7] This

---

[7]     The statute of limitations for a § 1983 action accruing in New York is three years. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment."). Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12,

conclusory allegation, without more, is insufficient to plausibly allege a policy or custom

pursuant to which the alleged action was undertaken.  The Court also notes that "[g]ang stalking,

. . . is not a recognized cause of action, and thus [Plaintiff's] claim to that effect [should be]

dismissed." *Toro v. City of New York*, 12-CV-4093, 2015 WL 1014044, at *4 (E.D.N.Y. Mar. 6,

2015).[8]

Even if Plaintiff's claims could be construed as plausibly alleging a custom or policy,

Plaintiff's claims are so vague and incomprehensible that he falls far short of plausibly alleging

an injury to a constitutionally-protected right.  *Hillary v. St. Lawrence Cnty.*, 17-CV-0659, 2019

WL 977876, at *7 (N.D.N.Y. Feb. 28, 2019) (Sharpe, J.) ("Generally, in addition to

demonstrating an injury to a constitutionally-protected right, a plaintiff bringing a § 1983 action

against a municipality is required to identify a custom or policy of the municipal defendant and

establish a causal connection between the alleged injury and that custom or policy."); *see also*

---

2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review
pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521,
at *8-10 (Dancks, M.J.) (N.D.N.Y. Aug. 7, 2017) (same); *Syfert v. City of Rome*, 15-CV-1149,
2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Baxter, M.J.) (same).

Plaintiff commenced this action on April 3, 2020.  (Dkt. No. 1.)  Three years prior to the
filing date is April 3, 2017.  Any causes of action in Plaintiff's Complaint that accrued before
April 3, 2017, are likely barred by the statute of limitations.

[8]     Moreover, federal stalking is a crime pursuant to 18 U.S.C. § 2261A, and does not
provide for a private cause of action.  *Robinson v. Bloomberg*, 12-CV-1858, 2012 WL 2991912,
at *2 (E.D.N.Y. July 20, 2012); *see Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care,
and Makeup*, 216 F. Supp. 3d 328, 334 (S.D.N.Y. Oct. 20, 2016) (holding that claims pursuant to
18 U.S.C. § 2261A, a federal stalking statute, fails inasmuch as it is a criminal statute, which
supplies no private right of action).  New York also does not recognize a claim of "stalking."
*See Di Pompo v. Ruggiero*, 17-CV-8077, 2018 WL 5045339, at *4 (S.D.N.Y. Oct. 17, 2018)
("Plaintiffs were put on notice that New York does not recognize a claim of 'criminal
stalking.'"); *see also Masudi v. Maximo Couture Inc.*, 39 Misc. 3d 1202(A), at *2 (N.Y. Sup. Ct.
Queens Cnty. Mar. 27, 2013) (holding that a claim for stalking pursuant to N.Y. Penal Law §
120.40, is not adequately supported by the facts, "even assuming that a civil claim can be based
on this penal statute.").

*Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality"); *Irvine v. City of Syracuse*, 14-CV-1565, 2015 WL 2401722, at *6-7 (N.D.N.Y. May 19, 2015) (McAvoy, J.) (dismissing *Monell* claim pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); *Santagata v. City of New York*, 17-CV-3053, 2017 WL 2963453, at *2 (E.D.N.Y. July 11, 2017) (same).

As a result, I recommend that Plaintiff's claims against the City of Oneida and Onondaga County be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2.     Personal Involvement

The Complaint is not clear whether it is against Defendant Horton in his individual capacity, official capacity, or both.  (*See generally* Dkt. No. 1.)  To the extent that it asserts claims against Defendant Horton in his official capacity, those claims should be dismissed based on the doctrine of absolute immunity pursuant to the Eleventh Amendment for the reasons set forth above in Part IV.A. of this Order and Report-Recommendation.  To the extent that Plaintiff asserts claims against Defendant Horton in his individual capacity, those claims should also be dismissed for failure to state a claim.

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive

right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)).  As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983.  *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").  In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

The Complaint is devoid of allegations that Defendant Horton took any action and instead includes a series of conclusory, vague allegations regarding actions taken by unknown individuals during unknown time periods.[9]  (*See generally* Dkt. No. 1.)  Plaintiff's Complaint fails to plausibly allege facts suggesting a claim pursuant to 42 U.S.C. § 1983 against Defendant Horton.[10]

---

[9]      Any causes of action in Plaintiff's Complaint that accrued before April 3, 2017, are likely barred by the statute of limitations.  *See*, *supra*, note 7.

[10]     The Court notes that, in the alternative, Plaintiff also fails to allege facts plausibly suggesting the personal involvement of Defendants Dodge and Macormick.

As a result, I recommend that Plaintiff's claims against Defendant Horton be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**D.      Claims Pursuant to RICO**

Plaintiff cites the "R.i.C.O act" as a basis for liability.  (Dkt. No. 1 at 3.)

"To sustain a private cause of action under RICO, a plaintiff must allege: '(1) the defendant's violation of 18 U.S.C. § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation."  *EIG Energy Fund XIV, L.P. v. Keppel Offshore & Marine Ltd.*, 18-CV-1047, 2020 WL 2319127, at *6 (S.D.N.Y. May 11, 2020) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (internal quotation marks omitted); *see also* 18 U.S.C. § 1964(c) (providing a cause of action for "[a]ny person injured in his business or property by reason of a violation" of Section 1962)).

A substantive violation of the RICO statute occurs when "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, . . . conduct[s] or participate[s], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). Accordingly, to establish a substantive RICO violation, a plaintiff must allege: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce," in addition to injury and causation.  *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).

"Racketeering activity" is defined as certain acts indictable under Federal Law, including mail fraud, 18 U.S.C. § 1341, and violations of the Hobbs Act, 18 U.S.C. § 1951.  *Mathon v.*

*Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004) (citing 18 U.S.C. § 1961(1)(B)).  These

predicate acts must be crimes under state or federal law.  *Mathon v. Feldstein*, 303 F. Supp. 2d at

322 (citing *United States v. Angelilli,* 660 F.2d 23 (2d Cir.1981), *cert. denied,* 455 U.S. 910,

*rehearing denied,* 456 U.S. 939 (1982); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp.

986, 995 (E.D.N.Y.1995)).

To establish a pattern of racketeering activity, "a plaintiff must plead at least two

predicate acts, show that the acts are related and that they amount to, or pose a threat of,

continuing criminal activity."  *H.J. Inc. v. Northwestern Bell and Telephone Co.,* 492 U.S. 229,

239 (1989); 18 U.S.C. § 1961(5) (A "pattern" requires at least two acts of "racketeering activity"

occurring within ten years of each other.); *United States v. Alkins,* 925 F.2d 541, 551 (2d Cir.

1991) (predicate acts must be related and amount to or pose a threat of continued criminal

activity).

### 1.    Municipal Liability

Some district courts in this circuit "have held that municipalities 'cannot be liable under

*respondeat superior* for a violation of RICO that is predicated upon [the] acts' of individual

'municipal agents' acting with 'criminal intent,' at least in part because those courts determined

that a municipal entity is incapable of forming the criminal intent necessary to support the

alleged predicate offenses."  *Cornetta v. Town of Highlands*, 18-CV-12070, 2020 WL 363042, at

*6 (S.D.N.Y. Jan. 22, 2020) (quoting *Nu-Life Constr. Corp. v. Bd. of Educ. of City of New York*,

779 F. Supp. 248, 251 (E.D.N.Y. 1991)).  However, a Second Circuit decision recently called

that line of cases into question, at least with respect to situations where the plaintiff seeks

prospective injunctive relief.  *Gingras v. Think Finance, Inc.*, 922 F.3d 112, 125 (2d Cir. 2019)

(vacating rule that government entities, and their officers sued in their official capacities for

prospective injunctive relief, cannot ordinarily be sued under RICO but holding that "concern for the inappropriateness of saddling the taxpayers with the financial burden of punitive damages imposed on a government entity" especially "in light of RICO's treble damages provisions" would offend "public policy.").  "Thus, the Second Circuit has not necessarily disavowed the line of cases dismissing RICO claims for *damages* against municipalities."  *Cornetta*, 2020 WL 363042, at *6 (citing *Gingras*, 922 F.3d at 125) (emphasis in original).

Here, Plaintiff is seeking solely monetary damages.  (Dkt. No. 1 at 5.)  I find that Plaintiff's RICO claim against Defendants City of Oneida and Onondaga County offends public policy and should be dismissed.  In addition, for the reasons set forth below, Plaintiff failed to plausibly allege that any Defendant engaged in racketeering activity or that two or more acts occurred establishing a pattern.

As a result, I recommend dismissal of Plaintiff's RICO claims against Defendants City of Oneida and County of Onondaga.

## 2. Racketeering Activity

While the Complaint lists "extortion" and "mail fraud," Plaintiff fails to allege facts plausibly suggesting these predicate acts.

Claims of mail fraud must comply with Fed. R. Civ. P. 9(b).  This rule provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.  Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."  When the predicate acts of a civil RICO claim are grounded in fraud, the concerns associated with pleading fraud with particularity take on even greater importance. *Mathon v. Feldstein*, 303 F. Supp. 2d at 322-23 (citing *Plount v. Amer. Home Assur. Co.,* 668 F. Supp. 204, 206 (S.D.N.Y.1987)).  Accordingly, a claim of mail fraud must specify the content,

date and place of any alleged misrepresentation and the identity of the persons making them.
*Wexner v. First Manhattan Co.,* 902 F.2d 169, 172-73 (2d Cir. 1990).

The Complaint is devoid of allegations that mail was used, or that anyone acted with intent to defraud him.  (*See generally* Dkt. No. 1.)  As a result, the Complaint falls far short of satisfying the heightened pleading requirement set forth in Fed. R. Civ. P. 9(b), which requires that the Complaint set forth "the contents of the items mailed and specify how each of these items was false and misleading."  *Official Publications, Inc. v. Kable News Co.*, 692 F. Supp. 239, 245 (S.D.N.Y. 1998) (citing *Gross v. Diversified Mortg. Indus.*, 438 F. Supp. 190 (S.D.N.Y. 1977)).

A plaintiff claiming a Hobbs Act violation, 18 U.S.C. § 1951, as a predicate act in a civil RICO claim must establish that the defendant "obstruct[ed], delay[ed], or affect[ed] commerce or the movement of any article or commodity in commerce, by . . . extortion or attempt[ed] or conspire[d] so to do, or commit[ted] or threaten[ed] physical violence to any person or property in furtherance of a plan or purpose to do [so]."  18 U.S.C. § 1951; *see also McLaughlin v. Anderson,* 962 F.2d 187 (2d Cir. 1992).  To prove extortion under the Hobbs Act or New York law, Plaintiff must to show "wrongful means and wrongful objective."  *Andrea Doreen, Ltd. v. Building Material Local Union 282,* 299 F. Supp. 2d 129, 154-56 (E.D.N.Y. 2004); *see United States v. Enmons,* 410 U.S. 396, 419 n.16 (1973) ("[E]xtortion requires an intent 'to obtain that which in justice and equity the party is not entitled to receive.'") (internal quotation omitted); *Viacom Int'l Inc. v. Icahn,* 747 F. Supp. 205, 210 (S.D.N.Y. 1990) ("Stated another way, both elements of extortion occur whenever one exploits fear to obtain property to which one has no lawful claim."); *see also* N.Y. Penal Law § 155.05(2)(e).

Plaintiff fails to present any allegations that any Defendant engaged in the predicate act of extortion.  (*See generally* Dkt. No. 1.)  The Complaint does not allege any date on which the alleged "extortion" occurred, the alleged threats and coercion, and effect on interstate commerce, or the purpose of such Defendant's alleged actions.  *Zito v. Leasecomm Corp.*, 02-CV-8074, 2003 WL 22251352, at *11 (S.D.N.Y. Sept. 30, 2003).

Plaintiff fails to set forth any factual allegations plausibly suggesting that *inter alia*, any Defendant engaged in (1) "racketeering activity" as defined by 18 U.S.C. § 1961(1); or (2) two or more acts constituting a pattern.  (*See generally* Dkt. No. 1.)  As a result, I recommend dismissal of Plaintiff's claim against Defendants pursuant to the RICO Act.

### E.     New York State Common Law Claims

In addition to alleging that Defendants violated his civil rights pursuant to 42 U.S.C. § 1983 and committed RICO violations, Plaintiff also asserted pendent state law claims.  In the event that Plaintiff's federal claims are dismissed, I recommend that the Court decline to exercise supplemental jurisdiction over his state law claims.  *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.").[11]

---

[11]     The Court also notes that the Complaint is devoid of factual allegations which could reasonably support Plaintiff's state law claims.  In addition, New York does not recognize private causes of action for stalking, harassment, or trespass.  *See Di Pompo v. Ruggiero*, 17-CV-8077, 2018 WL 5045339, at *4 (S.D.N.Y. Oct. 17, 2018) ("Plaintiffs were put on notice that New York does not recognize a claim of 'criminal stalking.'"); *Williams v. Norris*, 18-CV-0349, 2018 WL 5848851, at *5 (N.D.N.Y. Oct. 1, 2018) (Hummel, M.J.) (holding that a plaintiff cannot attempt to bring criminal trespass charges against defendants through means of a civil action); *Harris v. Summers*, 14-CV-0013, 2014 WL 1340032, *5 (Apr. 3, 2014) (citing *Rivers v. Towers, Perrin, Forster & Crosby, Inc.*, 07-CV-5441, 2009 WL 817852, at *11 (E.D.N.Y. Mar. 27, 2009) ("Plaintiff's claim for harassment is dismissed because New York does not recognize a common law cause of action for harassment.")).

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[12]

Here, I recommend that the Court dismiss without leave to amend Plaintiff's claims against Defendants Budlong, Dodge, Macormick, New York State Police, and Horton to the extent that the claims against him are in his official capacity. *See Wrobleski v. Miller*, 19-CV-0876, 2019 WL 6496723, at *9 (N.D.N.Y. Dec. 2, 2019) (Lovric, M.J.) (recommending dismissal with prejudice and without leave to amend, claims against officers in their official

---

[12]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

capacities pursuant to the doctrine of immunity pursuant to the Eleventh Amendment), *report and recommendation adopted in part and rejected in part on other grounds*, 2020 WL 219221 (N.D.N.Y. Jan. 15, 2020) (Sharpe, J.); *Wellington v. Foland*, 19-CV-0615, 2019 WL 3315181, at *11 (N.D.N.Y. July 24, 2019) (Lovric, M.J.) (recommending dismissal with prejudice and without leave to amend, claims against a village court judge based on the doctrine of absolute immunity), *report and recommendation adopted*, 2019 WL 6485157 (N.D.N.Y. Dec. 3, 2019) (Suddaby, C.J.); *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.) (dismissing with prejudice and without leave to amend, claims against police officers in their official capacities based on the doctrine of immunity pursuant to the Eleventh Amendment), *report and recommendation adopted*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.); *Brooks v. Ukieley,* 14-CV-6662, 2015 WL 235406, at *4 (E.D.N.Y. Jan. 16, 2015) (dismissing the plaintiff's claims in their entirety with prejudice against Judges Ukieley and Toomey based on the doctrine of judicial immunity); *Gonzalez v. Sharpe,* 06-CV-1023, 2006 WL 2591065, at *3 (N.D.N.Y. Sept. 8, 2006) (Scullin, J.) (dismissing without leave to amend, the plaintiff's claims against U.S. District Court Judge Gary L. Sharpe based on the doctrine of judicial immunity).

However, I am unable to conclude with complete certainty that if permitted leave to amend his complaint, Plaintiff could not assert a plausible claims pursuant to 42 U.S.C. § 1983, RICO, and New York common law against Defendant Horton to the extent that any claims are asserted against him in his individual capacity, the City of Oneida, and Onondaga County. Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient

unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI.   SUMMARY, RECOMMENDATION, AND ORDER

Having reviewed Plaintiff's IFP application, I find that he meets the requirements for IFP status, and therefore grant his motion for leave to proceed without prepayment of fees.

Turning to the merits of Plaintiff's Complaint, I recommend that (1) Plaintiff's claims against Defendants Budlong, Dodge, Macormick, New York State Police, and Horton (to the extent that the claims are against him in his official capacity) be dismissed with prejudice and without leave to amend; and (2) that the claims pursuant to 42 U.S.C. § 1983, RICO, and New York common law against Defendant Horton (to the extent that they are alleged in his individual

capacity), the City of Oneida, and Onondaga County be dismissed without prejudice and with leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court amend the docket to add "Trooper Horton" as a defendant in this matter; and it is further

**ORDERED** that the Clerk of the Court amend the docket to add "Onondaga County" as a defendant in this matter; and it is further

**ORDERED** that the Clerk of the Court amend the docket to add the "City of Oneida" as a defendant in this matter; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's claims pursuant to 42 U.S.C. § 1983, RICO, and New York common law against Defendant Horton in his individual capacity, the City of Oneida, and Onondaga County, for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B); and it is further

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's claims against Defendants Budlong, Dodge, Macormick, New York State Police, and Horton in his official capacity, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[13]  Such objections shall be filed with the

---

[13]       If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[14]

Dated: June  4 , 2020
         Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[14]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).