**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**VINCENT SONNICK,**

                                        **Plaintiff,**

        **vs.**                                                                                **5:20-CV-410**
                                                                                                  **(TJM/ML)**

**CHRISTOPHER G. BUDLONG, NYS Trooper,**
**in his official capacity; OFFICER MACORMICK,**
**OPD, in his official capacity; NELSON T. DODGE,**
**Judge Verona, in his individual and official**
**capacities; NEW YORK STATE POLICE, TROOP D;**
**TROOPER HORTON; CITY OF ONEIDA; and**
**ONONDAGA COUNTY,**

                                        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


## DECISION & ORDER

The Court referred this *pro se* civil action to the Hon. Miroslav Lovric, United States

Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and

Local Rule 72.3(c). In his Order and Report-Recommendation dated June 4, 2020 (Dkt.

No. 5), Magistrate Judge Lovric grants Plaintiff's application to proceed in forma pauperis,

and examines the sufficiency of the allegations set forth in the Complaint in light of 28

U.S.C. § 1915.

As Magistrate Judge Lovric explained:

Construed as liberally as possible, Plaintiff's Complaint alleges that his civil
rights were violated by Defendants Christopher G. Budlong, Officer
Macormick, Nelson T. Dodge, the New York State Police Troop D, Trooper
Horton, Onondaga County, and the City of Oneida collectively "Defendants").

(*See generally* Dkt. No. 1.). More specifically, Plaintiff alleges that at some point in time, Defendant Budlong "held" him at New York State Police Troop D headquarters for two-and-one-half hours, during which time Plaintiff was not read his rights or permitted to make a phone call. (*Id.*) Plaintiff alleges that he was charged with disorderly conduct for events that took place on his own property. (*Id.*)

In addition, Plaintiff alleges that from December 18, 2013, until the present time, he has been "gang stalked" by the Onondaga County Sheriff's Department. (*Id.*)

Plaintiff alleges that at some point in time, he was brought to jail for a two-week period, during which he was not read his charges for three days, then he was moved to another unit of the Oneida County Justice Center, where he was held for another three days before being brought before a judge. (*Id.*) Plaintiff alleges that he was "extorted and harassed and stalked by NYS Troopers, ordered to pay after they basically kidnapped [him]." (*Id.*)

Plaintiff alleges that at some point in time, he sought, and was denied services at Madison County Social Services. (*Id.*) Plaintiff alleges that he has severe anxiety "due to this event" and "[t]he named above have conspired to . . . use . . . technology against [his] body." (*Id.*)

Ord. & Rep. Rec. at 2-3 (footnotes omitted).  For relief, Plaintiff seeks $26.5 million in

actual and punitive damages.  *See* Compl., Dkt. No. 1, at p. 5.

Magistrate Judge Lovric interpreted Plaintiff's Complaint as asserting the following

eight causes of action: (1) violation of [Plaintiff's] freedom of speech pursuant to the First

Amendment and 42 U.S.C. § 1983; (2) false arrest pursuant to the Fourth Amendment and

42 U.S.C. § 1983; (3) violations pursuant to the Racketeering Influenced and Corrupt

Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968; (4) stalking pursuant to New York

common law; (5) harassment pursuant to New York common law; (6) trespassing pursuant

to New York common law; (7) defamation pursuant to New York common law; and (8)

negligence pursuant to New York common law. Ord. & Rep. Rec. at 3.  After analyzing

these claims, Magistrate Judge Lovric recommends: (a) dismissal without leave to replead

all claims brought against the New York State Police as barred by Eleventh Amendment immunity, *id.* at 6, 19-20, 21-22; (b) dismissal without leave to replead all claims brought against NYS Trooper Budlong, who is sued in his official capacity only, as barred by Eleventh Amendment immunity, *id.* at 7, 19-20, 21-22; (c) dismissal without leave to replead all claims brought against Officer Macormick, who is sued in his official capacity only, as barred by Eleventh Amendment immunity, *id.*; (d) dismissal without leave to replead claims brought against NYS Trooper Horton to the extent he is sued in his official capacity as barred by Eleventh Amendment immunity, *id.*; (e) dismissal without leave to replead all claims brought against Town of Verona Court Judge Dodge based on Eleventh Amendment immunity for claims against Judge Dodge in is official capacity and the doctrine of absolute judicial immunity for claims against Judge Dodge in is official and individual capacities, *id.* at 7-8, 19-20, 21-22; (f) dismissal with leave to replead all 42 U.S.C. § 1983 claims brought against the City of Oneida and Onondaga County on the grounds that Plaintiff has failed to allege a plausible custom or policy by either municipal entity that caused an injury to Plaintiff, *id.* at 9-12, 20, 21-22; (g) dismissal with leave to replead all claims brought against Defendant Horton in his individual capacity on the ground that the Complaint fails to plausibly allege Defendant Horton's personal involvement in a deprivation of Plaintiff's rights, *id.* at 12-14, 21-22; (h) dismissal with leave to replead Plaintiff's RICO claims on the grounds that Plaintiff has failed to allege a plausible RICO claim against any defendant, *id.* at 14-18, 20, 21-22; and (i) dismissal with leave to replead Plaintiff's New York common law claims against Defendant Horton in his individual capacity, the City of Oneida, and Onondaga County on the grounds that the Court should decline to exercise supplemental jurisdiction over state law claims once all

federal claims have been dismissed, *id.* at 18, and because the Complaint does not allege

plausible facts supporting the state law claims that Plaintiff asserts, *id.* at fn. 11; *see also*

*id.* at 20, 21-22.

Plaintiff did not object to the Order and Report-Recommendation, and the time for

doing so has passed.  After examining the record, the Court has determined to adopt the

dismissal recommendations in the Order and Report-Recommendation although, in one

instance, it does so for a reason different than recommended by Magistrate Judge Lovric.

This one instance concerns the claims against Officer Macormick, who is sued in his

official capacity only.

Based on the allegations in the Complaint it appears that Officer Macormick works

for the Oneida Police Department,[1] which is an administrative arm of the City of Oneida

that cannot be sued separate from the City of Oneida. *See Krug v. Cty. of Rennselaer*, 559

F. Supp. 2d 223, 247 (N.D.N.Y. 2008)("A city police department is not an independent,

suable entity separate from the municipality in which the police department is organized.");

*Carthew v. Cnty. of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) ("It is well settled

that an entity such as the Suffolk County Police Department is an 'administrative arm' of

the same municipal entity as Suffolk County and thus lacks the capacity to be sued.").  The

suit against Officer Macormick in his official capacity is essentially a suit against the City of

Oneida. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985)("As long as the government

---

[1]The Complaint lists two defendants denominated as "Defendant No.2."  Compl. at 2.  This includes "Nelson T. Dodge" with the "Job or Title" as "judge verona," and an address of "Verona," and "Officer Macormick" with the "Job or Title" as "OPD," and an address as "Oneida NY."  *Id.*  In this context, the Court presumes that OPD stands for Oneida Police Department.  Plaintiff checked only the boxes for "Official Capacity" relative to both Judge Dodge and Officer Macormick, leaving blank the boxes for "Individual Capacity*." Id.* The Complaint also lists Judge Dodge as "Defendant No. 3" and checks the boxes for "Official Capacity" and "Individual Capacity*"* for him. *Id.* at 3.

entity receives notice and an opportunity to respond, an official-capacity suit is, in all

respects other than name, to be treated as a suit against the entity."); *Reynolds v. Giuliani*,

506 F.3d 183, 191 (2d Cir. 2007)("An official capacity suit against a public servant is

treated as one against the governmental entity itself."); *Aikman v. Cnty. of Westchester*,

491 F. Supp. 2d 374, 380 (S.D.N.Y. 2007)("Suits against [municipal] officials sued in their

official capacity . . . should be treated as suits against the [municipality].")(quoting *Hafer v.*

*Melo*, 502 U.S. 21, 25 (1991)(alterations in *Aikman*); *see also Zuk v. Gonzalez*,

07-CV-0732, 2007 WL 2163186, at *2 (N.D.N.Y. July 26, 2007) ("[T]o the extent that

Plaintiff has named the individual Defendants in their official capacities, he has in essence

named Onondaga County . . . as a Defendant.").  Courts within the Second Circuit

regularly dismiss with prejudice official-capacity claims against a public official when the

claims are duplicative of the claims against the governmental entity for which the official

works. *See Kanderskaya v. City of N.Y.*, 11 F. Supp. 3d 431, 435 (S.D.N.Y.

2014)(dismissing with prejudice claims against a police officer sued in an official capacity

"because they are duplicative of [the plaintiff's] other claims against [the municipality]")

*aff'd*, 590 Fed. Appx. 112 (2d Cir. 2015); *Quinn v. Gould*, No. 3:19-cv-820 (VAB), 2020

U.S. Dist. LEXIS 43811, at *10 (D. Conn. Mar. 13, 2020)("[D]istrict courts within the

Second Circuit consistently dismiss claims asserted against officials in their official

capacities as duplicative where the plaintiff has named the municipal entity as a

defendant.")(citations omitted).  While it is unclear from the sparse allegations in the

Complaint the precise substance of the claims against Officer Macormick and the City of

Oneida, the Court will dismiss the claims against Officer Macormick in his official capacity

with prejudice, dismiss the claims against the City of Oneida without prejudice to

repleading, and will grant Plaintiff leave to file an amended complaint.  If Plaintiff has

claims against Officer Macormick that differ from claims against the City of Oneida, he can

bring individual-capacity claims against Officer Macormick in an amended complaint.

Accordingly,

The dismissal recommendations in Magistrate Judge Lovric's Order and Report-

Recommendation, Dkt. No. 5, are **ACCEPTED** and **ADOPTED**.  Thus it is hereby

**ORDERED** that Plaintiff's claims against Defendants Budlong, Dodge, New York

State Police, Macormick in his official capacity, and Horton in his official capacity are

**DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO REPLEAD**. And it is further

**ORDERED** that Plaintiff's claims pursuant to 42 U.S.C. § 1983, RICO, and New

York common law against Defendant Horton in his individual capacity, the City of Oneida,

and Onondaga County are **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO**

**REPLEAD**.  And if is further

**ORDERED** that Plaintiff is granted leave of thirty (30) days from the date of this

Decision and Order in which to file an amended complaint.  **If Plaintiff elects to file an**

**amended complaint, he may replead any of the claims dismissed without prejudice**

**and/or any other claims that have not been dismissed with prejudice**.

This Decision and Order addresses all claims and all defendants in Plaintiff's

Complaint.  If Plaintiff does not file an amended complaint within thirty (30) days of the

date of this Decision and Order, the Clerk of the Court is directed to close the file in this

case.

**IT IS SO ORDERED.**

**Dated:** July 29, 2020

Thomas J. McAvoy
Senior, U.S. District Judge